IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| NICHOLAS LIBRANDE, | ) | |
| | ) | |
| Plaintiff | ) | Civil No. 06-6320-MO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE | ) | |
| | ) | |
| Defendant. | ) | |

**MOSMAN, J.,**

    Plaintiff Nicholas Librande challenges the Commissioner's decision finding him not disabled and denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). I have jurisdiction under 42 U.S.C. §§ 405(g) and 1313(c). For the following reasons, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this Opinion and Order.

    I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Administrative Law Judge ("ALJ") made his decision based upon a five-step sequential process established by the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (9th Cir. 1987); 20 C.F.R. §§ 404.1520(a), 416.920(a). Mr. Librande challenges the ALJ's evaluation of a physician's opinions and his own testimony.

## ANALYSIS

### I.     Physician Opinions

Mr. Librande contends that the ALJ should have credited treating physician Dr. Davidson's July 2004 and February 2005 opinions that his seizures occur "approximately every two months, despite being on therapeutic medication levels." Pl. Opening Br. 17. Mr. Librande does not discuss how these opinions, if credited, would establish disability. *Id.* at 17-18.

#### a.     Analysis

Generally, a treating physician's testimony is given more weight than that of an evaluating or reviewing physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject physician opinions inadequately supported by clinical notes or findings, *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2004)), but must provide "clear and convincing reasons" for rejecting the uncontradicted opinion of a treating physician. *Id.*

#### b.     Dr. Davidson's July 2004 Opinion

Dr. Davidson first summarized Mr. Librande's seizure history and treatment records. Tr. 575.[1] Dr. Davidson discussed Mr. Librande's ability to function in a work environment:

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer May 16, 2007.

PAGE 2 - OPINION AND ORDER

> If he were to have a sedentary job, the job would need to not require lifting or climbing (such as climbing ladders). Obviously, he cannot drive to and from the job. He would be able to stand for two hours within an eight-hour work day. He would have physician office visits and blood work, which would need to be arranged approximately every two to four weeks. When he has been admitted to the hospital, unfortunately the frequency has been approximately every other month and he has been hospitalized for at least five days.

*Id.*

The ALJ briefly discussed Dr. Davidson's opinion, first noting Dr. Davidson's statement that "the claimant was having seizures approximately every two months despite being on therapeutic medication levels. (Exhibit 17 F)." Tr. 15. The ALJ concluded:

> Careful consideration has been given to this opinion and it is ultimately accorded little weight as there is no evidence that the claimant has ever been on therapeutic medication levels. This assessment of non-compliance is confirmed in the records from Dr. Davidson at Exhibit 16F [tr. 563-574], wherein it is noted that the claimant's medication level was only a 5 when it should have been between 7-9. The totality of the medical records reveals the claimant has consistently been non-compliant with his medication regime.

Tr. 15.

The record does not support the ALJ's inference that Mr. Librande's documented medication levels establish non-compliance. The ALJ's indicated citation does not indicate that "medication level . . . only a 5" (tr. 15) is either non-therapeutic or the result of Mr. Librande's failure to take the medication. The ALJ's citation instead shows that Dr. Davidson increased Mr. Librande's dose at this time. Tr. 564. The ALJ's reading of the record is not sustained.

The record additionally does not indicate that Mr. Librande was not compliant with his medication regime throughout the period in question. The record shows that Mr. Librande suffered side effects from his initial medication regime and indicates that physicians, Dr. Davidson included,

PAGE 3 - OPINION AND ORDER

adjusted this regime between October 2003 and April 2004.  Tr. 475, 500, 524, 536, 539, 547, 565.

An ALJ may discredit a claimant's testimony based upon non-compliance with treatment where the claimant offers no explanation.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007).  However, no authority suggests an ALJ may discredit a physician's opinion solely because the claimant is not compliant with medication.  While an ALJ may discredit a physician's opinion based upon presentation by a claimant deemed not credible, *Tonapetyan*, 242 F.3d at 1149, this court does not extend such reasoning to discrediting a physician's opinion based upon a claimant's non-compliance with medication.  Consequently, the ALJ's reasoning rejecting Dr. Davidson's July 2004 opinion is not sustained.

The Commissioner presently asserts that the ALJ found Dr. Davidson's July 2004 statement "unsupported by his own notes." Def. Br. 9.  The ALJ did not make this finding.  The Commissioner cannot now rely upon such reasoning.  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).  This submission fails.

   c. Dr. Davidson's February 2005 Opinion

The Appeals Council accepted Dr. Davidson's February 2005 opinion into the record following the ALJ's October 2004 decision.  Tr. 7, 800.  This court cannot fault the ALJ for failing to review evidence that did not exist at the time of the hearing.  *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).  Mr. Librande's submission that this court should assign such error fails.

However, this court reviews the record in entirety, including evidence before the Appeals Council.  *Id.* (citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451 (9th Cir. 1993)).  Evidence before the Appeals Council is admissible if it is "new and material" under 42 U.S.C. § 405(g) and the claimant establishes "good cause" for failing to submit it into the record prior to the hearing.  *Mayes v.*

*Massinari*, 276 F.3d 453, 462 (9th Cir. 2001).

Dr. Davidson's February 2005 opinion indicated that Mr. Librande maintained therapeutic medication levels and that objective medical evidence confirmed Mr. Librande's seizures as genuine. Tr. 800. Dr. Davidson also stated that Mr. Librande's "postictal state is so prolonged and his seizures prolonged that he has objective evidence of neurologic injury, such as urinary retention, ataxia[2] and nystagmus[3] from these events." *Id.* Dr. Davidson concluded, "He typically requires a prolonged hospital stay after each seizure due to the neurologic impairments from being apneic." *Id.*

The record confirms Dr. Davidson's February 2005 submission. Dr. Davidson's opinion is supported by his notes, which reference brain activity studies, imaging studies, and speech therapy analysis. Tr. 802. The Commissioner asserts that this evidence is irrelevant to the ALJ's decision because it was produced in 2005, after the ALJ's October 2004 decision. Def. Br. 7. To the contrary, Dr. Davidson's notes establish that Mr. Librande's seizures are genuine, which clarifies questions in the earlier record regarding the possibility that Mr. Librande's seizures throughout the period in question were "pseudoseizures." Dr. Davidson's February 2005 decision thus meets the "new and material" requirement for admission. *Mayes*, 276 F.3d at 462.

Mr. Librande must also show "good cause" for failing to offer the new evidence prior to his hearing. *Id.* at 463. He may not meet this requirement "merely by obtaining a more favorable report once his . . . claim has been denied," but must "demonstrate that the new evidence was unavailable

---

[2]Ataxia is "an abnormal condition characterized by impaired ability to coordinate movement." This may result in a staggering gait and postural imbalance caused by lesion in the spinal cord or cerebellum. Kenneth N. Anderson et al. eds., *Mosby's Medical, Nursing, & Allied Health Dictionary* ( 5th ed. 1998).

[3]Nystagmus is "involuntary rhythmic movements of the eyes." *Id.*

PAGE 5 - OPINION AND ORDER

earlier." *Id.* Dr. Davison's February 2005 decision is not merely "more favorable;" the relevant studies had not been conducted and did not exist at the time of Mr. Librande's hearing. This circumstance meets the "good cause" requirement. *Id.* For these reasons, this court finds Dr. Davidon's February 2005 evidence relevant and suggests it may constitute a "basis for changing the hearing decision" upon further review. *Ramirez*, 8 F.3d at 1452.

In summary, this court does not sustain the ALJ's rejection of Dr. Davidson's July 2004 opinion, and finds Dr. Davidson's February 2005 opinion "new and material" under 42 U.S.C. § 405(g). *Mayes*, 276 F.3d at 462.

## II. Mr. Librande's Testimony

Mr. Librande submits that the ALJ failed to give clear and convincing reasons for rejecting his testimony, contending that "a finding that an individual's statements are not credible, or not wholly credible, is not in itself sufficient to establish that the individual is not disabled." Pl. Opening Br. 19-20.

The ALJ's credibility discussion cited Mr. Librande's non compliance with his prescribed medication regime, psychological test results, and activities of daily living. Tr. 16-17. These are sufficient reasons to question a claimant's credibility. *Lingenfelter*, 504 F.3d at 1040, *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

### a. Non-Compliance With Medication

As discussed above, the record does not confirm the ALJ's inference that Mr. Librande was not compliant with his medication regime throughout the period in question. This reasoning is not sustained.

### b. Psychological Testing

The ALJ also cited Mr. Librande's performance on psychological testing administered to detect malingering. Tr. 16. Mr. Librande correctly submits that the cited test did not establish a formal diagnosis of malingering. Pl. Opening Br. 19, citing tr. 210. However, the ALJ did not make such a malingering finding, noting only that Mr. Librande had "done poorly" on the test. Tr. 16. The record confirms the ALJ's finding, and this court must affirm the ALJ's reading of the record if it is supported by substantial evidence. *Batso*n, 359 F.3d at 1193.

### c. Activities of Daily Living

The ALJ's remaining credibility analysis is based upon Mr. Librande's activities of daily living. The ALJ cited Mr. Librande's boxing activity, including Mr. Librande's travel to participate in a boxing match at a date the ALJ does not specify. Tr. 16. The ALJ also cited Mr. Librande's internet and video game use as reported by Mr. Librande's mother and fiancé. Tr. 16-17.

The ALJ concurrently noted that during Mr. Librande's testimony, he denied participating in these activities. Tr. 16. An ALJ may cite such inconsistencies in questioning a claimant's credibility. *Smolen*, 80 F.3d at 1284. Though the activities cited by the ALJ may not establish that Mr. Librande may perform work activity, the ALJ's reference to Mr. Librande's inconsistent reporting is sustained.

Even omitting the ALJ's reference to Mr. Librande's non-compliance with his medication, the ALJ's credibility finding is based upon substantial evidence and is therefore affirmed. *Batson*, 359 F.3d at 1197. This court notes, however, that Mr. Librande correctly asserts that a negative credibility finding does not preclude a finding of disability.

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings.

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman,* 211 F.3d at 1178, quoting *Smolen,* 80 F.3d at 1292. The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett*, 340 F.3d at 876 citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *Nguyen v. Chater*, 100 F.3d 1462, 1466-67 (9th Cir. 1996); *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991).

Here, the ALJ erred in assessing Dr. Davidson's July 2004 opinion. Dr. Davidson indicated that Mr. Librande requires hospitalization for approximately five days every two months, and requires physician visits every two to four weeks. Tr. 575. Dr. Davidson also stated that Mr. Librande cannot drive, cannot stand more than two hours, and has a "mild amount of ataxia and vertigo to a small degree with movement." *Id.* This evidence is credited. *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989).

Because the ALJ did not have opportunity to review Dr. Davidson's February 2005 opinion, this court will not assign error. *Harman*, 211 F.3d at 1181. However, this court reviews the entire

PAGE 8 -  OPINION AND ORDER

record and may credit evidence before the Appeals Council if no outstanding issues remain. *Ramirez*, 8 F.3d at 1452.

The vocational expert at Mr. Librande's hearing testified that a hypothetical individual unable to complete his shift due to seizures once per month would be unable to sustain employment in the national economy. Tr. 878. Dr. Davidson indicated the frequency of Mr. Librande's hospitalizations, but did not indicate how frequently Mr. Librande's seizures actually occur.[4] For this reason the vocational expert's testimony does not establish disability based upon Dr. Davidson's limitations.

In such instances, award of benefits is inappropriate. *Harman*, 211 F.3d at 1180. The matter must be remanded for additional vocational testimony addressing the improperly discredited evidence. *Id.* Because outstanding issues remain, this court may not credit Dr. Davidson's February 2005 opinion. *Harman*, 211 F.3d at 1180*, see* also *Ramirez*, 8 F.3d at 1152. Therefore, this court additionally remands the matter for proper consideration of Dr. Davidson's February 2005 opinion, noting that this evidence is new and material under 42 U.S.C. § 405(g). *Harman*, 211 F.3d at 1180.

Further proceedings are thus necessary for the ALJ to properly consider limitations arising from Dr. Davidson's credited testimony and any limitations arising from Dr. Davidson's February 2005 opinion. The ALJ must then revise his RFC analysis accordingly and obtain additional vocational expert testimony regarding Dr. Davidson's stated workplace limitations. Finally, the ALJ must make adequate step four and five findings incorporating the indicated testimony.

## CONCLUSION

The Commissioner's decision that Mr. Librande did not suffer from disability and is not

---

[4]Mr. Librande does not submit that his seizures occur on a monthly basis and this court is unable to ascertain such occurrences from the record.

PAGE 9 - OPINION AND ORDER

entitled to benefits under Titles II and XVI of the Social Security Act is not based upon correct legal standards and is not supported by substantial evidence. The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this Opinion and Order.

    IT IS SO ORDERED.

    Dated this __18th__ day of December, 2007.

                                           /s/ Michael W. Mosman
                                           Michael W. Mosman
                                           United States District Judge